**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT MICHIGAN**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No. 1:13-CV-360-RJJ |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE RALEIGH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S STATUS REPORT

On October 10, 2014 Order, this Court required the parties to File a Joint Status Report regarding two motions filed by the Plaintiff: a motion for extension of time to complete discovery and a motion for extension of time to file dispositive motions. Because the Plaintiff filed the motions, it had the burden of preparing the status report and submitting it to Defendant. The Court ordered that the parties only report as to the following: the progress being made on the imaging of hard drives; an expected date for completing expert reports; and a date for filing dispositive motions.

On October 17, 2014, the day the status report was due, Plaintiff submitted a proposed Joint Status report which did not comply with the Court's Order. Plaintiff submitted this proposed report at 1:53 p.m. (See **Exhibit 1**). Defendant responded to Plaintiff that counsel would review the report and get back to Plaintiff with changes. Defendant removed all opinion from the proposed Status Report and forwarded a copy to Plaintiff at 5:12 p.m. (See **Exhibit 2**). Instead, the proposed report.

Plaintiff then responded to Defendant by stating that he intended on submitting his own status report, in violation of the Court's Order. (See **Exhibit 3**). Defendant responded by stating

1

that the parties were to submit a joint status report, and one that reported on the issues raised by the Court and noted above.  (See **Exhibit 3**).  Nonetheless, Plaintiff submitted his own status report, which is nothing more than a motion in disguise, designed to "poison the well" against Defendant.  Plaintiff's status report contains inaccuracies.  Consequently, Defendant is forced to file this status report to correct those inaccuracies.

## I. FACTS

1.    Pending before the Court are two motions filed by the Plaintiff.

2.    The first, a Motion for Extension of time to Complete Discovery and Serve Expert Witness Reports was filed on August 14, 2014 [CM/ECF 35]. This motion hinges on the production of hard drives from the Defendant's computers, without which Plaintiff cannot complete and serve its Expert Witness Report.

3.    The second, a Motion for Extension of time to Serve Dispositive Motions was file on September 15, 2014 [CM/ECF 41].  In this motion Plaintiff seeks an additional 30 days to file dispositive motions after the close of an extended discovery date based on the production of the hard drives.

4.    On August 29, 2014 the Court entered an Order [CM/ECF 39] allowing Plaintiff access to examine Defendant's hard drives.  Because Defendant had previously expressed concern about being without his hard drives for an extended period of time, the Court allowed for hard drive imaging on a rotating basis.  At that time it was not known how long this procedure would take.

5.    To begin coordinating imaging, undersigned informed defense counsel that Plaintiff retained Spectrum Forensics to image Defendant's hard drives and suggested possible dates for imaging.  Contrary to the allegations contained in paragraph 5 of his proposed Order,

2

Defendant did not "refuse" to "overnight his hard drives (on a rotating basis) to Spectrum forensics." Plaintiff never provided the means, mechanism, or even an address by which to send the hard drives to Spectrum. Defendant would direct the Court to Spectrum's web site, www.spectrumforensics.com. There is no address by which one can send items to be examined. Moreover, there is no contact person at Spectrum for Defendant to contact.

6.      As a result, Defendant emailed Plaintiff's counsel to request this information. On October 10 and October 13, Defendant sent emails to Plaintiff asking about the process Plaintiff wanted to employ to examine the hard drives.(See **Exhibits 4 and 5**). Plaintiff did not respond to the emails. ***In fact, as of the preparation of this status report, Plaintiff still has not responded to Defendant with instructions on how to send the hard drives.***

7.      Defendant has two laptops. Defendant sent one hard drive to Plaintiff by Federal Express and an image of a second hard drive on October 17, 2014. Defendant will send an ipad to Plaintiff on October 20, 2014. Defendant cannot be without his hard drives for more than one day.

8.      Plaintiff argues, in paragraphs 6 and 7 of its status report, that Defendants imaging of his hard drives "could have possibly tainted or altered the evidence." This statement is both inaccurate and misleading. First, Defendant did not image multiple hard drives. He only imaged the hard drive from his laptop that he uses for work on a daily basis, a fact which was pointed out to Plaintiff's counsel many times. Second, Defendant only imaged this hard drive for analysis by Spectrum, and only did so ***because Plaintiff refused to provide Defendant with instructions on where to send the hard drives and how they were to be sent.*** It is disingenuous for Plaintiff now to claim that the evidence may have been altered or tainted when Plaintiff simply refused to respond to Defendant's emails.

3

9.      Additionally, regardless of Plaintiff's histrionics, Defendant is not prohibited from imaging his hard drive.  The hard drive belongs to him.  If Plaintiff's counsel does not want his expert to examine the hard drive imaged by Plaintiff, then he does not have to examine it.  But it is beyond ridiculous for Plaintiff to now claim that Defendant is somehow prohibited from imaging his own property, particularly in light of the fact that there is no court order in place prohibiting him from doing so.  Moreover, Plaintiff has presented no evidence or research to this Court (because none exists) that imagine (copying) a hard drive somehow deletes (erases) the pornography Plaintiff claims it owns and Defendant allegedly had on his hard drive.  Imaging and deleting are two different, independent processes.

10.      Again, Defendant would point out that Plaintiff's status report is hypocritical in that it takes Defendant to task for imaging his own hard drive when, to date, Plaintiff still has not given Defendant any instructions as to how the hard drive is to be delivered, and in what manner, to the expert.  This is a complete and total failure on Plaintiff's part, not to mention the fact that it waited until almost 2:00 p.m. on the date that the joint status report was due to forward a draft copy to Defendant.  (Defendant's counsel was engaged in completing other matters before the weekend and could not simply drop them to address the draft status report at Plaintiff's whim.)

11.      The parties anticipate that the review process by Plaintiff's expert shall take no more than two weeks.  Defendant, however, is open to more time.

12.      The parties also anticipate that expert reports can be completed within two weeks of receipt of the hard drives, with dispositive motions to be filed within 90 days.  Defendant is likewise open to more time.

Dated: October 21, 2014

Respectfully Submitted,

By: */s/ Derek Steven Wilczynski*

Derek S. Wilczynski, Esq.
Blanco Wilczynski, PLLC
2095 East Big Beaver Road, Ste. 400
Troy, MI 48083
Tel: (248) 519-9000
E-mail: dsw@blancopc.com
*Attorney for Defendant, Jesse Raleigh*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Derek S. Wilczynski*