## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC,    )
        )
    Plaintiff,      )    Civil Action Case No.: 1:13-cv-00360-RJJ
v.      )    HON. ROBERT J. JONKER
        )    MAG. JUDGE: HUGH W. BRENNEMAN
JESSE RALEIGH,    )
        )
    Defendant.    )
_____ )

**NICOLETTI & ASSOCIATES, PLLC**
PAUL J. NICOLETTI [P-44419]
Attorney for Plaintiff
33717 Woodward Avenue, Ste. #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
pauljnicoletti@gmail.com
http://www.nicolettilawplc.com

**BLANCO WILCZYNSKI, PLLC**
Derek S. Wilczynski [P-57079]
Attorneys for Defendant
2095 East Big Beaver, Suite 400
Troy, MI 48083
(248)519-9000
Fax: (248) 519-9001
dsw@blancopc.com

**LINCOLN G. HERWEYER, P.C.**
LINCOLN G. HERWEYER [P-55742]
Co-Counsel for Defendant
35054 Twenty-Three Mile Road, Suite 115
New Baltimore, MI 48047
(586)716-1562
Fax: (586) 716-1867
lgherweyer@netscape.net

## DEFENDANT'S MOTION FOR
## SUMMARY JUDGMENT AND FOR ATTORNEY FEES

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ...................................................................................................iii

STATEMENT OF QUESTIONS PRESENTED ..........................................................................iv

INTRODUCTION ............................................................................................................. 1

STATEMENT OF FACTS....................................................................................................3

FACTUAL BACKGROUND ................................................................................................4

LEGAL ARGUMENT .......................................................................................................5

      I.     **THERE IS NO EVIDENCE THAT DEFENDANT OBTAINED OR POSSESSED ANY OF MALIBU MEDIA'S COPYRIGHTED MATERIALS AND, THEREFORE, THIS CASE SHOULD BE DISMISSED.**

CONCLUSION ................................................................................................................7

STATEMENT OF COMPLIANCE WITH L.R. 7.1(d).................................................................8

## INDEX OF AUTHORIES

**Cases Cited**                                                                    **Page**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52,
    106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ................................................................4

*Bridgeport Music, Inc. v. Rhymes Syndicate Music,*
    376 F3d 615, 621 (6th Cir. 2004) ............................................................................5

*Bridgeport Music, Inc. v. WB Music Corp.,*
    508 F.3d 394, 398 (6th Cir. 2007) ...........................................................................5

*Feist Pub'lns, Inc. v. Rural Tel. Serv. Co.,*
    99 U.S. 340, 361, 111 S. Ct. 1282, 1296,
    13 L. Ed. 2d 358 (1991) ...........................................................................................5

*Huckaby v. Priest*, 636 F.3d 211, 216 (6th Cir. 2011) .........................................................4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
    U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ...........................................4

*Riviera Distribs v. Jones,*
    517 F3d 926 (2008, CA7 Ill) ...................................................................................7

*Stromback v. New Line Cinema,*
    384 F.3d 283, 293 (6th Cir. 2004) ...........................................................................5


**Statutes**

17 U.S.C. §101....................................................................................................... 3, 5, 7

17 U.S.C. § 505.......................................................................................................... 6-7


**Court Rules**

Fed. R. Civ. P. 56(c) ............................................................................................ 3, 4, 6-7

Fed. R. Civ. P. 41(a)(2).............................................................................................. 6

Fed. R. Civ. P. 56(d)(2)(B)(1)......................................................................................7

## STATEMENT OF QUESTIONS PRESENTED

I.     SHOULD PLAINTIFF'S CASE BE DISMISSED WITH PREJUDICE BECAUSE THERE IS NO EVIDENCE THAT THE DEFENDANT ILLEGALLY OBTAINED OR POSSESSED ANY COPYRIGHT PROTECTED MEDIA OWNED BY THE PLAINTIFF?

Defendant says "yes."

Plaintiff says "no."

## INTRODUCTION

This is not a complex case and, in Defendant Raleigh's estimation, not a complex Motion for Summary Judgment.  As the Court will see in the factual background below, Malibu Media, a notorious purveyor of InterNet pornography and serial Plaintiff in copyright infringement cases[1], accused Raleigh of illegally downloading and possessing Malibu's pornography.  Raleigh has steadfastly maintained that he did not illegally download or possess any of Malibu Media's porn.

Discovery proved Raleigh to be correct.  Defendant has had two laptops, two iPads, and an external hard drive examined by Malibu's expert witness, Patrick Page. Those examinations have resulted in the following: no Malibu Media material was found on any of Raleigh's devices.  As a result, this case cannot go to a jury and must be dismissed now as a matter of law, with prejudice.

In addition, Raleigh is requesting that the Court also schedule this matter for a hearing to determine the award of attorney's fees, to which Raleigh is entitled pursuant to the Copyright Act.  Raleigh has litigated this matter since July of 2013, after he was served with the Complaint, despite telling Malibu Media that (a) he did not illegally copy any of Malibu's pornography and (b) that he had an open network at the files were apparently copied, and *anyone* could have used this network to download the porn.

Accordingly, the facts of this case, as well at the interest of justice, lead only one conclusion – that this Court enter an Order pursuant to Fed. R. Civ. Pro. 56(c) dismissing this case and, pursuant to 17 U.S.C. §101, *et seq.,* setting this matter for a

---

[1] A review of PACER reveals that Malibu Media is a litigant in 3,718 civil cases, with the overwhelming number of listings designating Malibu as the Plaintiff.

1

hearing to determine an award of Defendant's attorney fees under Fed. R. Civ. Pro. 54(d)(2)(B)(i).

## FACTUAL BACKGROUND

Plaintiff, Malibu Media, is a notorious producer of pornographic material. On June 23, 2013, Plaintiff filed its Complaint, alleging violations of the Copyright Act, 17 U.S.C. §101, *et seq.* On June 23, 2013, (Doc #10), Defendant, Jesse Raleigh (hereinafter "Raleigh"), filed an Answer to the Amended Complaint on August 13, 2013.  (Doc #16). In his Answer to the Amended Complaint, Raleigh denied each and every allegation that he violated the Copyright Act.

The parties engaged in the discovery process, during which Raleigh continued to deny that he illegally obtained or possessed any of Plaintiff's pornographic (or other) material.  (**Exhibit A,** Raleigh's Answers to Discovery and **Exhibit B** Supplemental Answers to Discovery).  In addition, Raleigh produced two laptop computers, two iPads, and an external hard drive for review by Plaintiff's expert, Patrick Page.  Mr. Page produced two reports in connection with this matter, concluding that Raleigh's devices did not contain Malibu Media's material.  (**Exhibits C and Exhibit D**).  Specifically, Page stated as follows:

> MacBook C02HW056DV31 Findings:  A search of the hard drive for evidence relating to Malibu Media movies was **negative**. (**Exhibit C**, p. 3, emphasis added).

> MacBook 340269NBATM Findings:  A search of the hard drive for evidence relating to Malibu Media movies was **negative**. (**Exhibit C**, p. 8, emphasis added).

> IPad Devices & Findings:  On the hard drive I was provided were Cellebrite extractions for 2 Apple iPad devices.  Both devices were searched using Cellebrite's Physical Analyzer software.  The search was **negative** for Malibu Media's works and for BitTorrent use and related activity. (**Exhibit C**, p. 13, emphasis added).

> Defendant, therefore, brings this Motion pursuant to Fed. R. Civ. P. 56(c).

3

## STANDARD OF REIEW

Circuit Court of Appeals reviews *de novo* a District Court's grant of summary judgment. *Huckaby v. Priest*, 636 F.3d 211, 216 (6th Cir. 2011). Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R. Civ. P. 56(a). In considering a motion for summary judgment, the District Court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## LEGAL ARGUMENT

I.   **THERE IS NO EVIDENCE THAT DEFENDANT VIOLATED THE EXCLUSIVE RIGHTS OF ANY OF MALIBU MEDIA'S COPYRIGHTED MATERIALS AND, THEREFORE, THIS CASE SHOULD BE DISMISSED.**

Plaintiff has brought this case pursuant to the Copyright Act, 17 U.S.C. §101, *et seq.* There are two types of liability for copyright infringement: direct and contributory.

**Direct Infringement of Copyright.** "Direct copyright infringement occurs when anyone 'violates any of the exclusive rights of the copyright owner.' "*Bridgeport Music, Inc. v. WB Music Corp.,* 508 F.3d 394, 398 (6th Cir. 2007)(quoting 17 U.S.C. § 501(a)). "Subject to certain exceptions . . . the owner of a copyright has the exclusive rights (1) to reproduce the copyrighted work; (2) to prepare derivative works; (3) to distribute copies; (4) to perform publicly a copyrighted work; and (5) to display publicly a copyrighted work." *Stromback v. New Line Cinema,* 384 F.3d 283, 293 (6th Cir. 2004)(citing 17 U.S.C. § 106). "A plaintiff may bring a claim against a person who infringes any of the plaintiff's exclusive rights in a copyright under § 106 by demonstrating two elements: '(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.'" *Id.* (quoting *Feist Pub'lns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991)).

**Other Theories of Liability for Copyright Infringement.** "Contributory infringement occurs when one, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *Bridgeport Music, Inc. v. Rhyme Syndicate Music,* 376 F.3d 615, 621 (6th Cir. 2004). Furthermore, "[a] defendant can be held vicariously liable if he enjoys a direct financial benefit from the infringing activity and has the right and ability to supervise the infringing activity."

*Id.* (internal quotation marks and citation omitted).

In this case, based on Patrick Page's reports, produced by Plaintiff, it is undisputed that Plaintiff cannot establish a *prima facie* case that Raleigh violated the Copyright Act.  There is no evidence in this case that Raleigh copied any of Malibu Media's pornography.  In fact, all of the evidence establishes the exact *opposite,* that Raleigh did not possess *any* of Malibu's pornography. Accordingly, because there is no evidence on which to present this case to a jury, this case should be dismissed *with prejudice* as a matter of law.  Defendant, therefore, respectfully requests that this Court enter an Order, pursuant to Fed. R. Civ. P. 56(c), dismissing this case with prejudice as a matter of law.

Moreover, Defendant is entitled to attorney fees pursuant to the Copyright Act. 17 U.S.C. §101, *et seq.*  Section 505 of the Copyright Act provides in pertinent part that "in any copyright infringement action, the court may ... award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

Specifically, 17 U.S.C. § 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 USCS § 505

Defendant are entitled to attorneys' fees under § 101 of Copyright Act of 1976, codified at 17 USCS § 505, (1) in the event that this Court grants his motion and he is entitled to entry of a favorable judgment when district court dismissed plaintiffs' copyright infringement action with prejudice under Fed. R. Civ. P. 41(a)(2); (2) in the event the district court recognizes his as prevailing party for the awarding of  costs

6

under Fed. R. Civ. P. 54, which would mean that Defendant is also a prevailing party for purpose of 17 USCS § 505; and (3) this case is a good candidate for fee shifting under § 505 because it was filed with absolutely no evidence pointing to Defendant as a violator of the Copyright Act. *Riviera Distribs v. Jones*, 517 F3d 926 (2008, CA7 Ill).

Defendant, an individual (as opposed to a large company such as Malibu Media) has incurred a significant amount of attorney fees in defending this matter and is entitled to attorney fees, as a matter of law, pursuant to the Copyright Act.  Raleigh makes this request pursuant to Fed. R. Civ. Pro. 54(d)(2)(B)(i) to avoid wasting more time and judicial resources in another filing.  At this stage of the litigation and in light of Patrick Page's reports, no party is prejudiced by this request.  A hearing is the appropriate procedural mechanism to ask for attorney's fees.  Defendant, therefore, respectfully requests that this matter be set for a hearing to determine an award of attorney fees, with a briefing scheduled to be set by this Court.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court enter an Order, pursuant to Fed. R. Civ. P. 56(c), dismissing this case as a matter of law and, pursuant to 17 U.S.C. §101, *et seq.*, setting this matter for a hearing to determine an award of Defendant's attorney fees.

Respectfully submitted,

**BLANCO WILCZYNSKI, P.L.L.C.**

/s/ Derek S. Wilczynski
DEREK S. WILCZYNSKI [P-57079]
Attorneys for Defendant
LINCOLN G. HERWEYER [P-55742]
Co-Counsel for Defendant

Dated: March 24, 2014

7

## STATEMENT OF COMPLIANCE WITH L.R. 7.1(d)

Undersigned counsel states that he has complied with L.R. 7.1(d) by requesting concurrence in the dismissal of this case with prejudice and that, by not replying to this request (See, Exhibit E), Plaintiff has denied Defendant's request.

Respectfully submitted,

**BLANCO WILCZYNSKI, P.L.L.C.**

/s/ *Derek S. Wilczynski*
DEREK S. WILCZYNSKI [P-57079]
Attorneys for Defendant
LINCOLN G. HERWEYER [P-55742]
Co-Counsel for Defendant

Dated:  March 24, 2014

8

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all counsel at their above-captioned addresses on the 24th day of March *2015* via:

| | | | |
|---|---|---|---|
| _____ | U.S. Mail | _____ | Express Delivery |
| _____ | Facsimile | _____ | Hand Delivery |
| ■ | *ECF Filing* | _____ | Other |

and declares under penalty of perjury that this statement is true to the best of her information, knowledge and belief.

/s/ *Freda A. Noble*

**FREDA A. NOBLE**

9