UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT MICHIGAN

MALIBU MEDIA, LLC,                )
                                  )
    Plaintiff,                    )   Civil Action Case No. 1:13-CV-360-RJJ
                                  )
v.                                )
                                  )
JESSE RALEIGH,                    )
                                  )
    Defendant.                    )
                                  )

**PLAINTIFF'S OBJECTION TO THIS COURT'S ORDER [CM/ECF 77]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, hereby objects to this Court's Order denying Plaintiff's Motion for Extension of Time Within Which to Complete Discovery and Serve Expert Witness Reports [CM/ECF 35] and First Motion for Extension of Time Within Which the Parties Must File Dispositive Motions [CM/ECF 41] (Collectively referred to as "Plaintiff's Motions"), and files the following memorandum in support of its Objection.

### I. INTRODUCTION

Plaintiff's respectfully requests the Court overrule the Magistrate Judge's Order [CM/ECF 77] because Defendant and his counsel engaged in egregious delay tactics while Plaintiff made exceedingly diligent efforts to acquire responsive discovery documents. Indeed, Plaintiff repeatedly sought discovery responses, conferred with Defense counsel regarding his untimely boilerplate objections, filed a Motion to Compel, prepared a protective order for hard drive production, and retained (at defendant's insistence) a technician to create hard drive images. Meanwhile, Defendant served discovery responses three months past due, responded

1

with boilerplate objections, refused to produce a single document, and produced requested hard drives over a year late – well after the expert, discovery, and dispositive motion deadlines lapsed.

Significantly, Defendant's hard drive examination revealed Defendant materially perjured himself, failed to produce and disclose responsive documents, and deleted material evidence. Additionally, he is still improperly withholding material computer evidence. Thus, Plaintiff's Expert Report is still not complete. Plaintiff's diligent discovery efforts, Defendant's deplorable delay tactics, and the newly discovered material evidence on Defendant's hard drives constitute good cause to grant Plaintiff's Motions.

**II. FACTS**

    A. **Defendant Untimely Submitted Wholly Deficient Discovery Responses**

On October 25, 2013, Plaintiff served Defendant with its Requests for Production. Defendant's Responses were due by November 27, 2013. After Plaintiff's repeated demands for discovery responses (*See* Parties Emails Regarding Discovery, attached hereto as Exhibit A), Defendant finally responded on February 27, 2014 – three months past due. However, despite waiving all objections[1], Defendant's responses asserted the same boilerplate objection to nearly every Request for Production. *See* Defendant's Responses to Plaintiff's Requests for Production, attached hereto as Exhibit B.

    B. **Defendant Unjustifiably Delayed Producing His Hard Drives for Fourteen Months**

Between January 2014 and July 2014, Plaintiff continually demanded responsive documents to Plaintiff's Requests for Production. As documented in thirty-five pages of emails between January 2014 and July 2014 (attached hereto as Composite Exhibit A), Plaintiff used its best efforts to obtain discovery without the necessity of Court intervention. Defendant's

---

[1] *See* Fed. R. Civ. P. 33(b)(4) and Fed. R. Civ. P. 3(b)(2)(B).

2

unreasonable stonewalling made that impossible. Accordingly, on July 11, 2014, Plaintiff timely filed a Motion to Compel [CM/ECF 26][2]. On August 29, 2014, this Court denied Plaintiff's Motion to Compel as moot because *the parties conferred in person, and Defendant agreed to supplement his discovery responses and produce requested documents and his hard drives*.[3] The Court further guided the parties in forming a suitable protective order for hard drive examination. Although the protective order was entered on October 21, 2014, Defendant waited six more weeks - until December 3, 2014 – to produce his hard drives. This was *fourteen months* after service of Plaintiff's Requests for Production. *See* Exhibit A, pp. 25. Significantly, this six week delay is only six (6) days less than it took Patrick Paige to analyze all four hard drives and write his report. Respectfully, in what alternate universe can it possibly be equitable to punish Plaintiff instead of Defendant for delaying the litigation under these facts? It takes virtually no time to drive a computer to a technician. Conversely, it took substantial effort to analyze four hard drives and produce a report.

### C. Plaintiff's Expert Timely Examined The Hard Drives

The Magistrate Judge's Order, is based on the erroneous assumption that Patrick Paige received one hard drive on December 3, 2014, which he has still not examined. This is false. Mr. Paige received *four* (4) different hard drive images on December 26, 2014, and completed a report regarding all four hard drives on February 13, 2015. See Exhibit A, pp 27. To explain, Defendant demanded that a neutral technician in Michigan image his hard drives. However, Plaintiff preferred imaging and examination be completed by its expert Mr. Paige to avoid delay. Mr. Paige is a computer forensics professional and is capable of creating a forensically sound

---

[2] Motions to compel can be filed at any point up to the discovery cut off. *See McCowan v. Educ. Servs of Am.*, 2009 WL 3055313, at *1 (N.D. Ind. 2009) (considering a motion to compel filed on the last day of the discovery deadline.)

[3] Plaintiff was not awarded its fees at it should have been pursuant to Fed. R. Civ. P. 37. Consequently, Defendant's delay tactics succeeded in driving up Plaintiff's costs with no repercussion.

images and examining same. Defendant unreasonably refused to allow Mr. Paige to create the images. Knowing that another discovery dispute would only cause more delay, Plaintiff acquiesced to Defendant's unreasonable demand.

On December 3, 2014, Defendant produced *some* of his hard drives to the technician for imaging only. On December 22, 2014, after inquiring about the status of Mr. Paige's Expert Report, Plaintiff's counsel learned that the technician had not forwarded Defendant's hard drive images to Mr. Paige. Undersigned called the technician and demanded that he send the imaged hard drives to Mr. Paige. Had Mr. Paige created the images when Plaintiff originally requested, he could have immediately begun his examination thereafter. Accordingly, this delay was not caused by Plaintiff or Mr. Paige. It was Defendant's insistence on an intermediary technician which caused delay.

On December 26, 2014, Mr. Paige received *four* (4) hard drive images. However, between December 28, 2014 and January 6, 2015, Mr. Paige was on a preplanned vacation and did not have his tools[4] to complete examination. *See* CM/ECF 71-4, Declaration of Patrick Paige, ¶26. And, between January 19, 2015 and January 29, 2015, Mr. Paige was unavailable to conduct examination because he was preparing for an evidentiary hearing in another case in which he appears as an expert. *Id.* ¶28. Notwithstanding the foregoing, Plaintiff finalized and served its expert report on February 13, 2015.

After reviewing the Expert Report, the parties conferred regarding an undisclosed device. On March 6, 2015, Defendant produced an external 2 Terabyte Western Digital Hard Drive. On March 21, 2015, Plaintiff supplemented its Expert Report to include a discussion of its contents. As explained in Mr. Paige's email below, the delay was caused by the quantum of work:

---

[4] Mr. Paige has a computer forensics laboratory with countless computer forensic tools.

4

> "I completed my report of findings today and sent it to Paul, I'm sure once he reviews it he will be sending the report to you. I apologize that it took longer than expected. The increased time was due to the fact the 2TB hard drive was completely full of data. It took 14 hours to image/verify the drive. Then due to the hard drive being encrypted with FileVault2 a second RAW image had to be made, thus another day. Once loaded into forensic software it took 3 full days to process all the data before I could even look at the contents. Also consider the fact that there were over 8000 video files located on the hard drive."

*See* Exhibit A, pp. 34-35.

### D. Examination of Defendant's Hard Drives Revealed Newly Discovered Evidence

Plaintiff's Expert Report revealed Defendant's failure to disclose and produce *additional* storage locations and devices: (a) a local storage network titled "PSF"; (b) contents of Defendant's DropBox and Google Drive; (c) an external 2 Terabyte Western Digital Hard Drive; and (d) an External Toshiba Hard Drive. *See* Supplemental Declaration of Patrick Paige, attached hereto as Exhibit C, ¶¶52-55 and ¶¶57-65. An additional Motion to Compel is necessary for these. Unfortunately, it cannot be filed until discovery is reopened.

Defendant's hard drives also prove Defendant perjured himself and continues to withhold evidence. Specifically, Plaintiff's Expert Report evidences:

a. Defendant's interest in BitTorrent through text and chat files discussing BitTorrent;

b. Defendant's possession of highly sensitive personal information of unrelated third parties (such as social security numbers, license numbers, and account passwords) linked to different hacking events; this highly sensitive data was obtained through BitTorrent;

c. Installation of uTorrent on Defendant's hard drives – the exact BitTorrent client used to infringe Plaintiff's works;

d. Defendant's failure to disclose and produce the contents of another network (titled "PSF") which Defendant consistently uses to store and access data;

e. Defendant's failure to disclose and produce the contents of his cloud services which Defendant uses to store and access data;

 f. Defendant repeatedly visited The Pirate Bay website – a website which enables piracy of copyrighted works through its extensive index of torrent files;

 g. Defendant obtained third party music media files through the torrent website www.torrentazos.com; and

 h. Since 2011, Defendant has possessed and consistently used an External 2 Terabyte Western Digital Hard Drive, which he failed to disclose or produce to Plaintiff.

The Magistrate Judge was unaware of Plaintiff's hard drive examination results when he denied Plaintiff's Motions. In fact, Plaintiff's Motions were filed well before any of the foregoing evidence came to light – and before the hard drives where even produced.

 a. <u>Defendant Lied About Material Facts</u>

Defendant committed perjury by lying under oath about the extent of his BitTorrent use – a material fact to the instant litigation. A motion for sanctions based on this perjury and spoliation will soon follow. Regarding the perjury, Defendant testified under oath that he only used BitTorrent to "download Linux installation ISO images"[5] and further stated that he "does not download torrents that are not opensource software and legally distributed."[6] However, Defendant's hard drives tell a different story. Indeed, Defendant used BitTorrent to infringe third-party copyrighted works such as music, movies, and magazines. Even worse, Defendant used BitTorrent to illegally procure the social security numbers, driver's license numbers, addresses, passwords, and emails of third party individuals, <u>including law enforcement officers and military personnel</u>.

---

[5] Defendant's Response to Plaintiff's Interrogatory No. 14.
[6] Defendant's Response to Plaintiff's Interrogatory No. 20.

6

b. <u>Defendant's Hard Drive Contained Evidence of Spoliation and Suppression of Evidence</u>

Examination of Defendant's hard drive revealed the nondisclosure and failure to produce Defendant's storage network contents and additional devices. *See* Section I.D. *supra*. Without production of these devices or storage locations, Plaintiff's expert cannot examine its contents.

Further, Plaintiff initially sought production of Defendant's video game consoles. *See* Defendant's Supplemental Responses to Plaintiff's Requests for Production, attached hereto as Exhibit D, pp. 5. In response, Defendant swore that he owns a PlayStation 3, but that he did not use this gaming system to store files. In reliance thereon, Plaintiff agreed to forego imaging of the PlayStation 3. Plaintiff now questions the veracity of Defendant's testimony. First, Defendant provably committed material perjury about the extent of his BitTorrent use. Second, a chat conversation, downloaded via BitTorrent, taught Defendant that he could remove evidence of infringement and place them on his gaming console. *See* Patrick Paige's Initial Expert Report, attached hereto as Exhibit E, p. 4. Why would he seek such advice unless he intended to follow it? Accordingly, Plaintiff intends to compel the production of Defendant's gaming console.

Further, computer records from Defendant's hard drives prove Defendant's possession and repeated use of a 2 Terabyte Western Digital Hard Drive since 2011. Indeed, *hundreds* of computer event log files showing transactions between the Western Digital hard drive and Defendant's other computers conclusively establish Defendant regularly used the Western Digital hard drive between 2011 and 2015. However, notably absent from the 2 Terabyte Western Digital Hard Drive itself is any digital evidence whatsoever indicating the drive was ever used prior to December 18, 2013. Significantly, the period of recorded infringement period proceeds December 18, 2013. As will be further explained in Plaintiff's forthcoming Motion for Sanctions, this spoliation merits sanctions.

Defendant claims he "is sophisticated enough that, had he wanted to engage in the downloading or uploading of copyrighted material, he could have done so without leaving footprints…" [CM/ECF 29, p. 5] Defendant is wrong. His spoliation is obvious. Nevertheless, his assertion that he could do so evidences the spoliation was intentional.

E. **The Magistrate Judge's Denial of Plaintiff's Motions is Extremely Prejudicial**

The Magistrate Judge's Order is obviously incredibly prejudicial. Without Plaintiff's evidence of Defendant's perjury, spoliation, and suppression of evidence, Plaintiff may lose this case against an obviously guilty Defendant. Nothing can be more prejudicial to a party than prohibiting the admission of material evidence and facts.

F. **Plaintiff Relied on the Magistrate Judge's Order [CM/ECF 39]**

Further, Plaintiff invested a substantial amount of time, money, and energy in reliance on this Court's Order [CM/ECF 39]. To explain, while Plaintiff's Motion for Extension of Time Within Which to Complete Discovery and Serve Expert Witness Reports were pending, the parties coordinated production of hard drives so that same could be examined by Plaintiff's expert. The Magistrate Judge guided and facilitated this production and instructed the parties to take several steps to ensure production. Plaintiff was able to obtain and examine Defendant's hard drives and served its expert report on February 13, 2015. On March 26, 2015, the Magistrate Judge entered an order denying Plaintiff's Motion for Extension of Time Within Which to Complete Discovery and Serve Expert Witness Reports. This ruling effectively renders Plaintiff's report untimely and nullifies the parties' production efforts.

### III. LEGAL STANDARD

"Any party may appeal from a magistrate judge's order determining any motion or matter[.]" *See* W.D. LR. 72.3(a). "A judge of the Court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id*. Fed. R. Civ. P. 72(b)(3).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Serrano v. Cintas Corp.*, 2007 WL 2688565, at *1 (E.D. Mich. Sept. 10, 2007) (internal quotations omitted), (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398, 68 S.Ct. 525, 92 L.Ed. 746 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Wilson v. Michigan Dep't of Corr.*, 2015 WL 1345236, at *1 (E.D. Mich. Mar. 25, 2015).

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir.2002). "A district court should also consider possible prejudice to the party opposing the modification." *Id*.

9

IV. ARGUMENTS

A. <u>**This Court's Order [CM/ECF 77] is Clearly Erroneous and Contrary to Law**</u>

1. <u>Diligent Efforts to Obtain Requested Documents Constitutes Good Cause Under Rule 16</u>

Plaintiff's repeated demands for responsive documents demonstrate its diligence and thus constitutes 'good cause' under Rule 16. *See Felkins v. City of Lakewood*, 2012 WL 3846830, at *1 (D. Colo. 2012). Indeed, in *Felkins v. City of Lakewood*, the court held that defendant was diligent and good cause existed because defendant repeatedly requested plaintiff's discovery responses and subsequent supplemental responses, and continually demanded production of responsive documents. *Felkins v. City of Lakewood*, 2012 WL 3846830, at *1 (D. Colo. Sept. 5, 2012). The court further noted that "Defendant should not be foreclosed from conducting discovery into [a significant] issue … because of Plaintiff's shortcomings and delays in providing relevant discovery." *Id. See also E.E.O.C. v. Taco Bell Corp.*, 575 F. Supp. 2d 884, 890 (W.D. Tenn. 2008) (Court held that good cause existed because plaintiff's numerous letters seeking "the names of and contact information for the employees" demonstrated diligent efforts).

2. <u>Good Cause To Modify a Scheduling Order Exists When, As Here, Defendant Caused Delay</u>

Defendant's massive delay in producing even a single document and this Court's denial of a discovery extension only discounts Plaintiff's diligent efforts and rewards Defense counsel's egregious delay tactics. This is clearly erroneous because courts have held that a party's failure to timely respond to discovery requests or produce requested documents constitutes good cause to modify a scheduling order. Indeed, good cause under Rule 16 exists when the "sequence of events indicates defendant's delay in producing discovery made it impossible for plaintiffs to review the documents and depose any important witnesses before the Scheduling Order

deadline." *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2009 WL 35470, at *3 (S.D. Cal. 2009); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) ("The court correctly determined that defendant had good cause because Andretti did not complete his compelled responses to Borla's discovery requests until after the scheduled dispositive motion deadline"); *Mesmer v. Rezza*, 2011 WL 5548990, at *5 (D. Md. 2011) ("A party's failure to respond to discovery requests or assert timely objections to those requests constitutes good cause for modifying a scheduling order."); *Schwend v. U.S. Bank, N.A.*, 2011 WL 5039812, at *2 (E.D. Mo. 2011) ("Given the delay in defendants' production of documents, I find that Schwend–McCummiskey acted with diligence in attempting to meet the scheduling order's requirements."); *United States v. Approximately $7,400 in U.S. Currency*, 274 F.R.D. 646, 648 (E.D. Wis. 2011) ("Murillo's delay in the production of discoverable materials establishes 'good cause' for the extension of the deadlines set by the Court's amended scheduling order.) And, "[Defendant's] delays during the discovery process … belie their claim of prejudice." *Joinnides v. Floral Park-Bellerose Union Sch. Dist.*, 2015 WL 1476422, at *14 (E.D.N.Y. 2015) (Court permitted filing of an amended complaint because good cause under Rule 16(b) existed).

    3.   Newly Discovered Evidence Constitutes Good Cause for A Modification of a Scheduling Order

The Magistrate Judge's ruling is clearly erroneous and contrary to law because new evidence emerged after Plaintiff filed its Motions. Plaintiff should now have the opportunity to depose Defendant about his misleading statements and undisclosed documents. This newly discovered material evidence constitutes good cause for an extension of the discovery deadline. Indeed, "[i]t cannot reasonably be disputed that newly discovered evidence can supply the necessary good cause under Rule 16(b)(4)[.]" *Allstate Ins. Co. v. Regions Bank*, 2014 WL 4162264, at *3 (S.D. Ala. 2014). Accordingly, the newly discovered information constitutes

good cause and therefore "warrants a modification to the initial scheduling order[.]" *Gonzales v. Comcast Corp.*, 2011 WL 1833118, at *6 (E.D. Cal. 2011); *See also Abila v. United States*, 2013 WL 486973, at *5 (D. Nev. 2013) (Good cause existed to re-open discovery because of newly discovered evidence).

Even more so, newly discovered evidence constitutes good cause particularly when "diligent discovery [is] hampered by both *misleading statements* … *and the practical difficulties obtaining the information outside of discovery*." *Trask v. Olin Corp.*, 298 F.R.D. 244, 269 (W.D. Pa. 2014) (emphasis added) (Good cause existed under Rule 16 to reopen discovery). In the instant case, Defendant repeatedly lied about material facts, attempted to hide material evidence, and destroyed relevant files from his hard drives. It is Defendant's delays and perjurious statements that have derailed and delayed discovery. Plaintiff should not be punished for Defendant's delay tactics and misleading statements.

    4. The Magistrate Judge's Order Should Not Stand Under the Law of the Case Doctrine

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983) decision supplemented, 466 U.S. 144, 104 S. Ct. 1900, 80 L. Ed. 2d 194 (1984); *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) ("Under the doctrine of the law of the case, a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation."). "The law of the case doctrine applies when a court either expressly or impliedly decides an issue." *Am. Girl, Inc. v. Hammer*, 2014 WL 3507339, at *4 (E.D. Tenn. July 14, 2014).

In the instant case, after Plaintiff filed its Motions, the Magistrate Judge outlined several steps to ensure production of Defendant's hard drives [CM/ECF 39]. This order recognized Plaintiff's need to examine hard drives, and outlined steps regarding same. Accordingly, the order implied that good cause existed to continue discovery and examine the hard drives. Plaintiff, in reliance on this Order, expended time and money on same, and served its expert report on February 13, 2015. The Magistrate Judge's Order denying Plaintiff's Motions is inconsistent with his previous Order. Indeed, Plaintiff's Expert Report may now be considered untimely. Accordingly, the Magistrate's Order [CM/ECF 77] should not stand.

### 5. The Magistrate Judge's Order is Extremely Prejudicial

In this case, the Magistrate Judge's Order undermines Plaintiff's fourteen-month long discovery efforts and thus prejudices Plaintiff. Indeed, the order creates an unfair windfall for Defendant, renders all past discovery efforts in this case meaningless, and denies Plaintiff the right to introduce material evidence – its Expert Report. Exclusion of evidence is prejudicial when a party is deprived "of material evidence critical to its defense." *Kettenburg Marine Corp. v. Yacht Tereyka*, 988 F.2d 120 (9th Cir. 1993). Denying Plaintiff the right to use its highly relevant and material expert report is clearly prejudicial and inequitable.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court reverse this Court's Order [CM/ECF 77] and extend the Parties' deadline to complete discovery, serve expert reports, and submit dispositive motions.

DATED: April 9, 2015

        Respectfully submitted,

        NICOLETTI LAW, PLC

        By: /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        33717 Woodward Ave., #433
        Birmingham, MI 48009
        Tel:  (248) 203-7800
        E-Fax: (248) 928-7051
        Email:  pauljnicoletti@gmail.com
        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 9, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By:   /s/ *Paul J. Nicoletti*