UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JESSE RALEIGH,<br><br>    Defendant. | )<br>)<br>)  Civil Action Case No. 1:13-CV-360-RJJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND FOR ATTORNEY FEES [CM/ECF 74]**

Plaintiff, Malibu Media, LLC, hereby moves for entry of an Order to extend and toll time within which Plaintiff has to respond to Defendant's Motion for Summary Judgment and for Attorney Fees [CM/ECF 74] until the later of 14 days following either the close of the potentially re-opened discovery period or the Court rules on Plaintiff's Motion for Sanctions, and states:

1. On March 24, 2015, Defendant filed a Motion for Summary Judgment and for Attorney Fees [CM/ECF 74] ("Defendant's Motion"). Pursuant to L.R. 72(c), Plaintiff's response is due today, April 21, 2015.

2. Just four days before Defendant filed his Motion, Plaintiff's expert timely supplemented his expert report following the production of Defendant's previously wrongly suppressed hard drive. His report conclusively establishes: (a) Defendant committed perjury by lying under oath about the extent of his BitTorrent use – a material fact to this litigation; (b) Defendant failed to disclose and produce his storage network contents and additional computer devices; and (c) Defendant deleted material and relevant content from his Western Digital Hard Drive in an effort to spoil incriminating evidence.

1

3. In light of the forgoing, Plaintiff filed an Objection [CM/ECF 78] to the Magistrate's Order denying Plaintiff's timely filed Motion to Extend the discovery period [CM/ECF 77] and to re-open the now closed discovery. *See* [CM/ECF 78]. This Objection has yet to be ruled upon. In its Objection, Plaintiff set forth compelling evidence establishing it has been diligent in seeking discovery from Defendant in this matter. To the extent that Plaintiff's diligence is at issue in this Motion, Plaintiff adopts and incorporated the evidence and arguments proffered in its Objection [CM/ECF 78].

4. As it relates to Defendant's Motion for Summary Judgment, Plaintiff is unable to properly prepare a response because there are material unresolved issues of fact which require further discovery.

5. Applicable decisional authority holds that under similar circumstances a motion to enlarge should be granted. Indeed, "[i]mplicit in [Rule 56's] 'opportunity to respond' is the requirement that sufficient time be afforded for discovery necessary to develop 'facts essential to justify [a party's] opposition to the motion.'" *Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir. 1989). Here, Plaintiff should be afforded the opportunity to develop facts essential to its opposition before responding to Defendant's Motion. Indeed, should the District Court grant Plaintiff's objection and re-open discovery, Plaintiff will further develop essential facts by (1) deposing the Defendant regarding his perjury, suppression, and spoliation of material evidence, and (2) examining the unproduced devices. A response to Defendant's Motion at this juncture would be premature and would require Plaintiff to supplement or amend its response should discovery be re-opened.

6. Further, Plaintiff is currently preparing a Motion for Sanctions against Defendant for his perjury, suppression, and spoliation of material evidence. The motion will be filed no

later than April 24, 2015. The issues that will be raised directly impact Defendant's Motion for Summary Judgment and Plaintiff's eventual response thereto.

7. "[A] district court could impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009). Such sanctions necessarily affect the outcome of a motion for summary judgment. *See Jones v. Staübli Motor Sports Div. of Staübli Am. Corp.*, 897 F. Supp. 2d 599, 608 (S.D. Ohio 2012) (finding whether a party was entitled to an adverse inference due to spoliation created a genuine issue of material fact precluding summary judgment).

8. Here, Defendant's Motion is based on his claim that "there is no evidence in this case that Raleigh copied any of Malibu Media's pornography." [CM/ECF 75, p.10]. However, discovery thus far revealed Defendant spoiled and suppressed the *very* evidence Defendant claims does not exist. Accordingly, the Court's ruling on Plaintiff's Motion for Sanctions will directly impact the issues raised in Defendant's Motion. "[A]n adverse inference necessarily impacts consideration of a motion for summary judgment[.]" *Jain v. Memphis Shelby Cnty. Airport Auth.*, 2010 WL 711319, at *9 (W.D. Tenn. 2010).

9. Prior to ruling on Defendant's Motion or requiring Plaintiff to respond, this Court should first address the perjury, spoliation, and suppression claims against Defendant. Indeed, it would be premature for the Court to rule on Defendant's Motion while leaving the sanctions issue unresolved. *Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005) (the district court abused its discretion when it granted a motion for summary judgment while "leaving the sanctions issue unresolved" and "never made an assessment of the quality of the evidence lost and did not mention the sanctions issue in its summary judgment order.").

10. This request is made in good faith and not made for the purpose of undue delay.

11. Undersigned called opposing counsel to see if opposing counsel would consent to the requested relief; however, the parties have been unable to confer as of the time of this filing.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order to extend and toll the time within which Plaintiff has to respond to Defendant's Motion for Summary Judgment and for Attorney Fees [CM/ECF74] until the later of 14 days following either the close of the potentially re-opened discovery period or the Court rules on Plaintiff's Motion for Sanctions.  A proposed order is attached for the Court's convenience.

Dated:  April 21, 2015

Respectfully submitted,

NICOLETTI LAW, PLC

By:  /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel:  (248) 203-7800
E-Fax: (248) 928-7051
Email:  pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Paul J. Nicoletti*