UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
|     Plaintiff, | ) Civil Action Case No. 1:13-CV-360-RJJ |
| v. | ) |
| JESSE RALEIGH, | ) |
|     Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO EXTEND THE DEADLINE TO RESPOND TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ATTORNEY'S FEES**

On April 21, 2015, Plaintiff's counsel filed a Motion to Extend the Deadline to Respond to Defendant's Motion for Summary Judgment and for Attorney's Fees. (Doc. No. 79). Normally, Defendant would not object to Plaintiff's request. However, Plaintiff's counsel has made an assertion which deserves comment due to the fact that it is misleading and prejudicial to Defendant.

In paragraph 11 of the Motion, Plaintiff's counsel asserts, "Undersigned called opposing counsel to see if opposing counsel would consent to the requested relief; however, the parties have been unable to confer as of the time of this filing." (Doc. No. 79, paragraph 11). This statement is nothing more than an attempt to mislead the Court into thinking that there was some type of impediment to the parties actually conferring on this issue. In fact, Plaintiff's counsel called Defendant's counsel at approximately 6:30 p.m. on April 21, 2015, the same day that Plaintiff's Response to Defendant's Motion was due, and left a message with defense counsel's partner to seek concurrence in his Motion. Defense counsel's partner immediately email defense counsel with this request. However, defense counsel did not receive the (extremely late) request

1

because he was attending a concert put on by his daughter's elementary school choir. By the time defense counsel got out of the concert (at 9:00 p.m.), it was too late to reasonably call Plaintiff's counsel back. Plaintiff's counsel filed his Motion at 11:01 p.m., with the misleading statement that the attorneys were "unable" to confer. The attorneys were not "unable" to confer – the request was made too late to be reasonably calculated to be effective.

Finally, Plaintiff's Motion is additionally misleading in that he is attempting to convince the Court that he needs more time to respond to Defendant's Motion for Summary Judgment for reasons which have nothing to do with Defendant's Motion for Summary Judgment. Defendant's Motion is premised on the fact that Plaintiff's expert has reviewed *five* devices belonging to Defendant (including a device *not requested by Plaintiff*) and *none of them show any trace of Malibu Media's pornography*. Plaintiff's request, when read in conjunction with his ridiculous and slanderous Motion for Sanctions, is based on lies, distortions, and an attempt to distract this Court from the real issue – that Defendant does not possess any of Plaintiff's smut – by claiming that Defendant is illegally in possession of *other protected works* (which is not true).

Plaintiff seems to believe that if this Court simply accepts its allegations without looking at the facts of this case, the Court will be fooled into believing that Raleigh has committed *some type* of copyright violation. The fact of the matter, though, is that this Motion is like almost everything that Plaintiff has produced in this case – last minute (literally) and designed to mislead the Court. Plaintiff had 30 days in which to file his Motion for More Time and waited until 6:30 p.m. on the day it was due to seek concurrence. Clearly, Plaintiff knows that Defendant does not have any of Malibu Media's pornography on any of his devices and is trying to avoid attorney's fees.

Defendant, an individual without applicable insurance who is paying out of pocket for his defense, has been forced to spend thousands of dollars defending this nonsense, even though he communicated to Plaintiff clearly and unequivocally from Day 1 in this case that he did not possess (let along illegally possess) any of Plaintiff's pornography. This Court can put an end to this abuse of process by denying Defendant's Motion for More Time. The time has passed for Plaintiff to file more pleadings and the time has come for this case to end.

Dated: May 5, 2015

Respectfully Submitted,

By: */s/ Derek Steven Wilczynski*

Derek S. Wilczynski, Esq.
Blanco Wilczynski, PLLC
2095 East Big Beaver Road, Ste. 400
Troy, MI 48083
Tel: (248) 519-9000
E-mail: dsw@blancopc.com
*Attorney for Defendant, Jesse Raleigh*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Derek S. Wilczynski*