UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,

v.

JESSE RALEIGH,

        Defendant.
_____/

CASE NO. 1:13-CV-360

HON. ROBERT J. JONKER

## ORDER

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Order (docket # 77) denying Plaintiff's motions for an extension of time to complete discovery and serve expert witness reports (docket # 35) and for an extension of time to file dispositive motions (docket # 41); Defendant's Motion for Summary Judgment (docket # 74); Plaintiff's motion for extension of time to file response (docket # 79); and Plaintiff's Motion for Sanctions (docket # 81). The Court has thoroughly reviewed the record in the case and carefully considered the objection and motions.

In this copyright infringement suit, Plaintiff Malibu Media alleges that Defendant Jesse Raleigh illegally downloaded copyrighted content using the BitTorrent file distribution network ("BitTorrent"). (Am. Compl., docket # 10.) Plaintiff asserts that it has traced the illegal downloading to Defendant's IP address, but Defendant says he did not download the copyrighted content at issue. Thus, the key factual dispute in this case is whether this Defendant used the IP address to download the copyrighted materials. Forensic analysis of computer materials is both critical to the development of the case and potentially complicated.

Plaintiff contends that Defendant has deliberately and repeatedly created obstacles to prevent Plaintiff from completing the forensic analysis necessary to its case. Plaintiff states, among other things, that it served Defendant timely with requests for production only to receive untimely answers replete with objections; gave Defendant ample time to avoid discovery disputes in court; and that only after Defendant refused to cooperate did Plaintiff seek court resolution of discovery issues concerning hard drives with a motion to compel. At a hearing on Plaintiff's motion to compel, the parties reached agreed on terms of a protective order without which Defendant was unwilling to produce hard drives. Defendant says that the Plaintiff was dilatory in providing a draft protective order memorializing the agreement and that even after the protective order entered on October 10, 2014, the Plaintiff failed to provide instructions to Defendant regarding where to send the devices. Defendant states that in the absence of such instructions, he elected to image the devices himself and send the copies directly to Plaintiff's expert. Plaintiff objected to Defendant imaging his own devices. Ultimately, Defendant provided two of his devices to Plaintiff on December 3, 2014. Defendant explains that only after Plaintiff returned those two devices to Defendant did Defendant provide the remaining three devices, in late December 2014. Plaintiff says that when its expert analyzed the hard drives, he discovered new evidence supporting Plaintiff's claims and necessitating further discovery, including but not limited to at least one other hard drive. According to Defendant, Plaintiff needs no further discovery because Defendant has already produced five devices, including laptops, iPads, and external hard drives, and Plaintiff's expert found no Malibu Media materials on any of Defendant's devices. Defendant further contends that Plaintiff's expert's review exceeded the scope of the Protective Order. Defendant also objects to certain interrogatories requesting

information about his viewing habits, including without limitation his viewing of adult content, and the sources of the content he views.

Finding copyrighted content on hard drives of course is powerful evidence against a defendant. But even if no such content is found, the Plaintiff may still be able to build a circumstantial case that warrants submission to a jury based on information about the computer habits of the Defendant generally, especially with regard to BitTorrent technology (which can be used for legal or illegal purposes); other content similar to the Plaintiff's content; and information regarding deletion or attempted deletion of digital information. The record shows that the parties have engaged in discovery focused on building or defending against such a circumstantial case. Their discovery battles have been lengthy, hard-fought, and focused on exactly the fronts one would reasonably expect when rational parties attempt to build or defend a circumstantial case of copyright infringement. Each side now blames the other in graphic terms for foot-dragging, sand-bagging, and outright deception. What is clear to the Court is that neither side culpably neglected the case. Both sides worked diligently to advance their respective interests. And the Court now finds itself after the Magistrate Judge's denial of extended discovery with both a dispositive motion and a substantive sanctions motion that cannot fairly be resolved without re-opening discovery to permit both sides to exhaust the new leads and respond to the charges leveled by each side against the other. After one more opportunity to address these issues, the parties will be in a better position to provide the Court with the information it needs to resolve the substantive disputes.

**ACCORDINGLY, IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment (docket # 74) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's Objection (docket # 78) is **SUSTAINED** to the extent consistent with this Order and **DISMISSED AS MOOT** in all other respects. The Magistrate Judge's Order dated March 26, 2015 (docket # 77) is **VACATED**.

3. Plaintiff's Motion for Extension of Time to Respond (docket # 79) is **DISMISSED AS MOOT**, as is Plaintiff's Motion for Leave to File a Reply (docket # 85).

4. Plaintiff's Motion for Sanctions (docket # 81) is **DENIED WITHOUT PREJUDICE**.

5. The discovery period is **REOPENED** for a period of 120 days from the date of this Order. A new Case Management Order will issue separately.

Dated:    May 19, 2015              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE