## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>JESSE RALEIGH, )<br>)<br>    Defendant. )<br>_____) | Civil Action Case No.: 1:13-cv-00360-RJJ<br>HON. ROBERT J. JONKER<br>MAG. JUDGE: HUGH W. BRENNEMAN |

**NICOLETTI & ASSOCIATES, PLLC**
PAUL J. NICOLETTI [P-44419]
Attorney for Plaintiff
33717 Woodward Avenue, Ste. #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
pauljnicoletti@gmail.com
http://www.nicolettilawplc.com

**BLANCO WILCZYNSKI, PLLC**
Derek S. Wilczynski [P-57079]
Attorneys for Defendant
2095 East Big Beaver, Suite 400
Troy, MI 48083
(248)519-9000
Fax: (248) 519-9001
dsw@blancopc.com

**LINCOLN G. HERWEYER, P.C.**
LINCOLN G. HERWEYER [P-55742]
Co-Counsel for Defendant
35054 Twenty-Three Mile Road, Suite 115
New Baltimore, MI 48047
(586)716-1562
Fax: (586) 716-1867
lgherweyer@netscape.net

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

NOW COMES Defendant herein, JESSE RALEIGH, by and through his Attorneys, BLANCO WILCZYNSKI, PLLC, and as his Response to Plaintiff's Motion to Compel, states unto this Honorable Court as follows:

**I.  PLAINTIFF'S COUNSEL DID NOT ATTEMPT TO RESOLVE HIS PERCEIVED DISCOVERY ISSUES PRIOR TO FILING HIS MOTION AND HAS VIOLATED LOCAL RULE 7.1**.

Plaintiff's counsel certified that he made contact with Defendant's counsel on May 22 and 28 in an attempt to resolve the issues he raised. That is simply untrue. Plaintiff's counsel contacted Defendant's counsel by phone and requested concurrence in a Motion to Compel documents from Defendant's internet provider, not with regard the items which are the subject of this Motion.

Additionally, Defendant's counsel directs the Court to the email attached as **Exhibit A** to this Motion. It is a response from Defendant's counsel to Plaintiff's counsel inquiring why Plaintiff's counsel was threatening to file a Motion to Compel when he had not requested the documents listed. Rather than responding back with an appropriate answer to this email, Plaintiff's counsel insisted on wasting this Court's time and energy (not to mention harassing Defendant's counsel) by filing this Motion.

Rather than issuing appropriate discovery requests, identifying the items at issue and formally requesting their production, Plaintiff's counsel instead moved to compel documents and items which were not requested (or, as will be seen, were actually in Plaintiff's possession for more than 45 days). As has been the case, Plaintiff's counsel insists on wasting everyone's time and has misrepresented that he attempted to resolve these discovery "issues" when, in fact, he failed to do so.

Responding to Defendant's counsel's email, or even issuing requests to produce the items he is now, for the first time, requesting to inspect, would have been a good faith effort to resolve this issues. Not for the first time, Plaintiff's counsel has misrepresented the facts to this Court.

**II. THE ITEMS REQUESTED BY PLAINTIFF'S COUNSEL WERE NOT THE SUBJECT OF THE PROTECTIVE ORDER AGREED TO BY THIS COURT AND PLAINTIFF'S COUNSEL HAS NOT MADE AN APPROPRIATE REQUEST FOR DEFENDANT TO PRODUCE THE ITEMS.**

Plaintiff served discovery requests on Defendant on October 25, 2013. Defendant objected to Plaintiff's requests and provided responses in February, 2014. (**Exhibit B**). In August of 2014, the parties then agreed to enter a protective order, in which ***Plaintiff's counsel*** identified four devices he wanted to examine. (**Exhibit C**). Defendant produced those items and, additionally, produced an external hard drive, which Plaintiff's counsel had in his possession for more than 45 days. Plaintiff's counsel failed to have this hard drive examined. Nonetheless, on February 18, 2014, Defendant's counsel told Plaintiff's counsel that if he made a request, in writing, for examination of the hard driver, he would consider producing it. (**Exhibit D**). Plaintiff's counsel did not make any such request.

It is additionally troubling that Plaintiff's counsel is requesting that Defendant produce an "external hard drive" that Plaintiff's counsel has stated that he did not need produced. In an email sent by Plaintiff's counsel on March 3, 2015, attached as **Exhibit E**, Plaintiff's counsel specifically told Defendant's counsel that his expert did not want to examine "the newest drive that Jesse recently purchased." To now claim that Defendant failed to produce this drive is not just disingenuous, it is an outright misrepresentation.[1]

Furthermore, Plaintiff is being mendacious in stating that the items identified in Defendant's supplemental responses to Plaintiff's request to produce have not been produced. In point of fact, those items were identified by Defendant in those

---

[1] The external hard drive was shipped to Plaintiff's expert, held for 45 days by Plaintiff's expert, and then returned to Defendant by Plaintiff's expert--apparently without examining it. Now Plaintiff wants it back.

supplemental responses, but Plaintiff's counsel did not ask to inspect them. As this Court is well-aware, it is standard discovery practice for one party to identify documents in response to request and for the opposing party to then state which, if any, of those items are to be produced.

This takes on a particular significance when the discovery requests are personal and private in nature, such as someone's "icloud" information, an electronic storage locker, or a gaming device such as a Playstation. These devices contain private information, and Defendant is appropriately concerned with Plaintiff's counsel having access to this information, particularly in light of the fact that, even though the parties agreed to a protective order, Plaintiff's counsel disclosed Defendant's private and personal information in recent court filings.

Even more fundamental, however, is the fact that Plaintiff's counsel has never reached out to Defendant's counsel to formally request that these items be produced for examination. Given the slapstick and vaudeville routine which occurred the last time Plaintiff's counsel had access to Defendant's electronic devices, surely the Court can understand Defendant's counsel's insistence that Plaintiff's counsel follow the Federal Rules of Civil Procedure, formally designate which items that are to be examined, and for the parties to agree on an appropriate protective order to prevent Plaintiff's counsel from sharing Defendant's personal information with the world.

Additionally, Plaintiff's counsel has requested, from this Court, an order compelling "production" of these items. What does that mean? Plaintiff's request for relief is short on specifics and long on generalities. There have to some safeguards, put in place by this Court and enforced by this Court, to ensure that Defendant's personal information is not shared with anyone who signs up for a PACER account.

Plaintiff's counsel's abuse of the discovery process is no more evident than in his recent threats to file a Motion to Compel if Defendant's counsel did not provide him with dates for the deposition of Defendant. Per his usual tactic, Plaintiff's counsel emailed Defendant's counsel after hours *on the Friday before Memorial Day and demanded that Defendant's counsel provide Plaintiff's counsel with deposition dates for Defendant by Memorial Day itself.* When Defendant's counsel informed Plaintiff's counsel that he would not be in the office over the Memorial Day weekend, Plaintiff's counsel nonetheless insisted on having deposition dates provided by the Tuesday following Memorial Day.

Despite this unreasonable request, Defendant's counsel requested deposition dates from his client when he returned to the office. Defendant was not able to immediately provide dates because he was out of the office working on a project, and Defendant's counsel informed Plaintiff's counsel of that fact. On May 29, 2015, Defendant's counsel then told Plaintiff's counsel that Defendant would be able to provide his deposition during the week suggested by Plaintiff's counsel and asked that Plaintiff's counsel provide some dates and times during that week and he would clear those dates with Defendant. On June 6, 2015, Defendant's counsel reiterated that he and his client were available, but that Plaintiff's counsel had not provided dates for the deposition. As of the filing of this Motion, Plaintiff's counsel still has not provided Defendant's counsel with those dates – and this Motion is being filed the week Plaintiff's counsel insisted the deposition was to occur. (See email exchange, attached as **Exhibit F**).

The ultimate example of this constant abuse of the discovery process is that, ***after*** Plaintiff's counsel served his Motion to Compel, he ***then*** sent a new set of

5

Requests to Produce which will not be due until **after** the Court holds its hearing on this Motion. Those requests, attached as **Exhibit G** to this Motion, request items which mirror the responses already produced by Raleigh. To be clear, so there is no confusion, Plaintiff filed a served a Motion to Compel, the Court scheduled a hearing date, and then the Plaintiff served a second set of Requests to Produce, asking for production of the same items which are the subject of the Motion to Compel, but not due until **after** the hearing on the Motion to Compel. This stuff cannot be made up. Unfortunately, it is all too real.

Plaintiff's counsel has consistently abused the discovery process, as well as this Court's time (as well as that of the parties), and it must stop. Throughout this case, Plaintiff's counsel has consistently called Defendant's counsel after 6:00 p.m., when he suspected Defendant's counsel was not in the office, or made demands and requests after hours on Friday or over the weekend. He has also engaged in a practice of filing documents late on Friday/early Saturday to ensure that Defendant's counsel has to give attention to these documents over the weekend.

The irony in all of this is that despite Plaintiff's counsel's attention to trying to "game" the ECF system, and abusing counsel by demanding information over the weekend, the truth of the matter is that Plaintiff's Motion to Compel is premature and inappropriate. Plaintiff's counsel has **never** formally requested a date and time to inspect the items at issue. Defendant has no objection to producing the items for inspection, provided an appropriate request is made, with safeguards enacted to ensure Defendant's privacy is protected.

Instead, Plaintiff "flipped the script" in regard to the items requested and expected Defendant to go to Plaintiff and suggest dates, times, and a procedure for

producing these items. As the Court is well-aware, given the history in this case, allowing Plaintiff unfettered access to Defendant's personal and private items is like giving government secrets to ISIS – no good can come of it.

Respectfully submitted,

**BLANCO WILCZYNSKI, P.L.L.C.**

/s/ *Derek S. Wilczynski*
DEREK S. WILCZYNSKI [P-57079]
Attorneys for Defendant
LINCOLN G. HERWEYER [P-55742]
Co-Counsel for Defendant

Dated: June 16, 2015

---

### *PROOF OF SERVICE*

The undersigned certifies that a copy of the foregoing document was served upon all counsel at their above-captioned addresses on the ***SIXTEENTH*** day of ***JUNE, 2015,*** via:

| | |
|---|---|
| _____ U.S. Mail | _____ Express Delivery |
| _____ Facsimile | _____ Hand Delivery |
| _____ Email | ■ Other ***ECF*** |

and declares under penalty of perjury that this statement is true to the best of her information, knowledge and belief.

/s/ *Freda A. Noble*
***FREDA A. NOBLE***

---

s:\cases - opened\internet trolling cases\raleigh, jesse\pleading\plaintiff's motion to compel\061615 def's response to plf's mot to compel.dsw.fan.docx