# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC,            )
                              )
    Plaintiff,            )  Civil Action Case No.:  1:13-cv-00360-RJJ
v.                            )  HON. ROBERT J. JONKER
                              )  MAG. JUDGE:  HUGH W. BRENNEMAN
JESSE RALEIGH,                )
                              )
    Defendant.            )
_____ )

**NICOLETTI & ASSOCIATES, PLLC**
PAUL J. NICOLETTI [P-44419]
Attorney for Plaintiff
33717 Woodward Avenue, Ste. #433
Birmingham, MI 48009
Landline: (248) 203-7800
eFax: (248) 928-7051
pauljnicoletti@gmail.com
http://www.nicolettilawplc.com

JESSICA FERNANDEZ
KEITH LIPSCOMB
LIPSCOMB, EISENBERG & BAKER, PL
Attorneys for Plaintiff
2 South Biscayne Blvd, Suite 3800
Miami, Florida 33131
(786) 431-2228

**BLANCO WILCZYNSKI, PLLC**
Derek S. Wilczynski [P-57079]
Attorneys for Defendant
2095 East Big Beaver, Suite 400
Troy, MI 48083
(248) 519-9000
Fax:  (248) 519-9001
dsw@blancopc.com

**LINCOLN G. HERWEYER, P.C.**
LINCOLN G. HERWEYER [P-55742]
Co-Counsel for Defendant
35054 Twenty-Three Mile Road, Suite 115
New Baltimore, MI  48047
(586) 716-1562
Fax: (586) 716-1867
lgherweyer@netscape.net

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF A PROTECTIVE ORDER

1.      Defendant denies the allegation as untrue to the extent that defense counsel did not agree to the production of "documents" because Plaintiff's request was limited to electronic information.  However, the remainder of the facts outlined in paragraph 1 are true.

2.      Defendant admits the allegation contained in paragraph 2 as true.

3.      Defendant denies the allegation contained in paragraph 3 as untrue. Defense counsel did submit a Proposed Protective Order to Plaintiff's counsel.  See **Exhibit A**, Proposed Protective Order, sent to Plaintiff's counsel on July 16, 2015.

4.      Defendant admits that on July 7, 2015, Plaintiff's counsel sent defense counsel a Propose Protective Order.  Defendant's counsel also admits that the Protective Order was the "exact same order" that the parties had  agreed to regarding earlier production of confidential information on Defendant's hard drive.  However, that Protective Order  proved to be insufficient to actually protect Defendant from Plaintiff's counsel's publication of Defendant's personal information.

As this Court is well aware, from Defendant's Motion to Dismiss as well as Plaintiff's Motion for Extension of Time, Plaintiff's counsel has attached, as exhibits to Plaintiff's submission  and motions the results of its expert's review of Defendant's electronic devices.  That review, in the form of a report by Patrick Page, contains personal, private, and confidential information that  Defendant did not want publicized. As a result, Defendant determined that a more appropriate Protective Order was necessary -- and that determination was the result of the demonstrated penchant by Plaintiff to disregard the spirit of the earlier-used Protective Order and to publish private information found on Defendant's hard drives in what was nothing less than an ineffective attempt to smear Defendant with irrelevant FRE 404(b) evidence.

In addition, Patrick Paige's report (with its information about Raleigh's hard drive contents) was filed as Documents 78-5 and 81-2. In ECF Doc. 81, on page 3 (which is Plaintiff's motion for sanctions), Plaintiff accuses Raleigh of illegally accessing government information (despite the lack of relevance to this case or any validity in the charge that what Jesse did was illegal).

5. Defendant denies the implication contained in this paragraph that defense counsel was obligated to "provide revisions" to Plaintiff's Proposed Protective Order. As previously indicated, Plaintiff's Proposed Protective Order is not appropriate to this case, as it does not protect Defendant in any meaningful way from the tactics that Plaintiff has used in the past.

6. Defendant denies that defense counsel did not reply to Plaintiff's counsel's email of July 15, 2015. On July 13, defense counsel informed Plaintiff's counsel that he was working on a new Proposed Protective Order and had sent it to his co-counsel for review. (**Exhibit B**). In fact, defense counsel responded by emailing Plaintiff a Protective Order prepared by defense counsel. (See **Exhibit B, C, and D**, emails regarding Proposed Protective Order).

7. Defendant admits that on July 16, 2015, defense counsel emailed Plaintiff's counsel an entirely new Protective Order.

8. Defendant denies the allegation in this paragraph that he was "not negotiating in good faith." As previously indicated, the Protective Order entered into by the parties, which was prepared by Plaintiff's counsel previously, simply did not provide Defendant with ***any*** protection in this. The fact of the matter is that Plaintiff's counsel has disclosed ***all*** of the private, confidential, and non-public information learned regarding Plaintiff from Patrick Page's examination of Plaintiff's electronic devices in

various pleadings and motions through out the course of this case. In order to protect Defendant's privacy, an entirely new Protective Order was warranted.

Furthermore, it should be noted that defense counsel, invited Plaintiff's counsel to "redline" or edit the Protective Order submitted by Defendant. Plaintiff simply refused to do this. See **Exhibit D,** emails to and from Plaintiff's counsel regarding new Protective Order.

9. Defendant takes no position as to what Plaintiff believes the Protective Order "should" cover. As indicated, Defendant's counsel repeatedly requested that Plaintiff's counsel edit or modify the Proposed Protective Order submitted by defense counsel. However, Plaintiff's counsel flatly refused to do so.

10. Defendant also takes no position on the allegation raised by Plaintiff; however, defense counsel would note that Plaintiff's counsel refused to negotiate. This was apparently the result of Plaintiff's counsel forgetting that a protective order needed to be entered and then rushing to have one prepared, settling on the insufficient Order already in use previously in the case. (**Exhibit E**, email from Plaintiff's counsel).

Defense counsel freely admits that the Protective Order submitted by him to Plaintiff's counsel was merely the starting point for negotiation to achieve a well-crafted Protective Order which would protect Defendant from Plaintiff's unscrupulous actions. It should be kept in mind that Plaintiff is a pornographer that routinely "baits" John Does to download its pornographic material and then sues those John Does for violation of the Copyright Act. Plaintiff has filed over 3,500 cases in Federal District Courts in the United States seeking to "shakedown" John Does who may, or may not (in the case of the Defendant in this case), have downloaded Plaintiff's pornography. This fact calls into question Plaintiff's motivations in refusing to even consider Defendant's Proposed

Protective Order. It should not, however, call into question, Defendant's motives as well as the designation of all documents as 'confidential'", as Defendant is innocent of any wrongdoing (as indicated by Patrick Page's multiple reports) and is simply trying to protect his reputation from a pornographic shakedown artist.

11. Defendant denies the allegation as good cause exists for protection for Defendant from Plaintiff, and particularly in regard to the dissemination of his private and personal information.

12. Plaintiff is correct that on July 16, 2015, **one of** Plaintiff's counsel outlined the foregoing issues and requested a list of documents. However, that is only half the story. On July 16, 2015, a second attorney for Plaintiff sent an email to Defendant's counsel, to which Defendant's counsel responded to Plaintiff's counsel copying in all counsel for the parties. See **Exhibit D**. Accordingly, there was no need to respond to the first email from Plaintiff's counsel.

13. Defendant denies the allegations as untrue. It is disingenuous for Plaintiff's counsel to state, "rather than discuss what documents Defendant sought to protect, defense counsel insisted that Plaintiff revise his Protective Order." There are two premises to that allegation, (1) the documents Defendant sought to protect; and (2) that Plaintiff revise his Proposed Protective Order. One does not necessarily have anything to do with the other. Defense counsel insisted that Plaintiff revise the Protective Order submitted by Defendant because it was the only Protective Order which covered all of the personal information which had been produced by Defendant in this case. Simply picking "new" documents to include in the Protective Order would not solve the issue of an unscrupulous pornographer sharing an innocent person's private and personal information in the form of pleadings and motions. Therefore, relying on a

Protective Order which had absolutely no enforcement powers to it whatsoever was simply untenable.  Defense counsel will admit that it made a mistake earlier in this case in agreeing to Protective Order, regarding earlier production, that was drafted by Plaintiff's counsel.  However, that was before Plaintiff and its counsel demonstrated the full measure of how they were willing to misuse Defendant's confidential information, and, it is clearly a mistake that defense counsel wished to avoid in the future.  Likewise, it is also a mistake on which Plaintiff's counsel wants to continue to capitalize.  Indeed, if the Court simply takes a look at the Protective Order entered previously in the case, it will note that that Protective Order does not provide any practical protection.

14. Plaintiff's counsel is correct that its previous Order "lacked any teeth whatsoever." Defendant denies that it "drafted" the Previous Order. That Order was drafted by Plaintiff's counsel.  Defense counsel made the mistake of agreeing to it regarding prior production, but that agreement did not extend to the presently contemplated production.  Plaintiff's counsel is essentially arguing that, because Plaintiff misused Defendant's confidential information in the past, if it gets its hands on new confidential information it should be allowed to misuse that new information with the same impunity.

15. Defendant agrees that the parties have reached an impasse.

16. Defendant takes no position on whether Plaintiff's counsel called the Court.

17. Defense counsel takes no position on whether Plaintiff was instructed to file inappropriate Motions.

18. Defendant opposes entry of the Proposed Protective Order attached to Plaintiff's Motion as Exhibit C.  As indicated, this Order did not prevent Plaintiff's

counsel from including Defendant's personal and private information in prior Motions and pleadings. Therefore, Defendant cannot agree to this.

19. Plaintiff's Protective Order is completely improper because it allows the unfettered use of Defendant's personal and private information in any Motion and pleading. Plaintiff is simply incorrect that its Proposed Protective Order preserves "Defendant's confidential and privileged information." That information has already been made available to the public, and anyone with a Pacer Account, in Plaintiff's prior pleadings and Motions.

20. Plaintiff's counsel has not made a good faith effort to resolve all issues.

WHEREFORE, Defendant, JESSE RALEIGH, respectfully requests that this Court denies Plaintiff's Motion and enter the Order attached as **Exhibit A** to this Response, for the reasons outlined above.

Respectfully submitted,

**BLANCO WILCZYNSKI, P.L.L.C.**

/s/ *Derek S. Wilczynski*
DEREK S. WILCZYNSKI [P-57079]
Attorneys for Defendant
LINCOLN G. HERWEYER [P-55742]
Co-Counsel for Defendant

Dated: July 28, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all counsel at their above-captioned addresses on the 28th day of July, **2015** via:

_____ U.S. Mail          _____ Express Delivery
_____ Facsimile          _____ Hand Delivery
■ **EMAIL**                    _____ Other

and declares under penalty of perjury that this statement is true to the best of her information, knowledge and belief.

7

/s/ *Freda A. Noble*
**FREDA A. NOBLE**

8