# EXHIBIT

# 2

## Derek S. Wilczynski

**From:** Jesse Raleigh <j@jraleigh.com>
**Sent:** Monday, December 07, 2015 7:09 AM
**To:** Derek S. Wilczynski
**Cc:** Lincoln Herweyer (lgherweyer@aim.com)
**Subject:** Re: Malibu Media v. Raleigh - motion for sanctions

Response to section I, Introduction:

The server pictured belongs to Modustri LLC, located at 38 Commerce Ave SE, Grand Rapids MI. Metadata in the image EXIF tags shows it to have been taken at the GPS coordinates of Modustri's offices, at 5:52 PM on November 8th, 2013. Tweets referencing "Old log files" are referring to a file named `logs.tar.bz2` which resided in the home directory of the `jr` user on the macbook pro they imaged. In other words, these logs were furnished for discovery. The "third MacBook" was not "recanted" from my testimony, it was purchased by PhishMe Inc in March of this year (2015) and was not present during the "relevant time". The picture provided by plaintiff of 3 macbooks on a table in my house pictures a computer and iPad belonging to guests who were present at the time. One of the guests was pictured in the original shot but was cropped out by the Plaintiff. My recollection of past bittorrent use aside, at no point have I intentionally misstated my belief of the facts. My use of bittorrent has been infrequent at best, and I simply didn't recall having used it. Regarding "evidence matching 3rd party works", the list of alleged infringements from the Plaintiff is sow voluminous and broad that this statement would be true of nearly anyone with a small enough cross section of allegedly infringing files, something I don't take to be coincidental. The "correlation is so exact" that it would appear crafted for the purpose of framing the defendant. The files which the evidence "proves" were downloaded were NOT DOWNLOADED by the defendant and thus CANNOT be turned over.

During the relevant period, the Defendant was traveling and residing in Grand Rapids. His IP address was publicly accessible to 3 additional residences within the building, as well as several more in adjacent buildings. In attempts to resolve the matter expeditiously, Defendant has furnished items not requested, had items that were provided returned unexamined only to be requested again, and denied his right to a fair and speedy resolution. Plaintiffs assertion that a mockery has been made is clearly true, however the originator of that mockery is the Plaintiff's attempt to conduct a racketeering and extortion scheme using the courts as strong men.

FACTS

A 1 Server:

The server referenced belongs to Modustri LLC of Grand Rapids MI. The metadata on the image shows the location to be their address, and the time and date to be: 5:52 PM on November 8th, 2013.

1

A 2 See attached file "Screenshot 2015-10-07 at 3.56.19



PM.png"

The mentioned tweets are in reference to a file called `logs.tar.bz2` which resides at `/Users/jr/logs.tar.bz2` and was furnished during discovery. Plaintiffs assertion is simply false and unfounded.

Defended worked at Silversmith up until January of 2013. Defendant was working for Agent X / Modustri LLC in November, located at 38 Commerce Ave Grand Rapids MI.

A 3 - Defendant swore he did not have a 3rd macbook or tablet - I did not have a third macbook or tablet at the time.

A 4 - In June of 2013 I lived at 343 Norwood Ave SE, Grand Rapids MI. The metadata on this picture corroborates this fact. Plaintiffs assertion is both false and intentionally misleading. 2 of the macbooks pictured and one of the tablets do in fact belong to me. The additional tablets and macbook however belong to guests. One of whom was cropped out of the photo provided by the plaintiff but is included here along with relevant metadata. Also included is another picture from that sequence that shows Nicolai Huffaker and Angelina Peariso, who's parents own the other two ipads, as well as the additional macbook pictured in Plaintiff's image.





The "Third Macbook" the Plaintiff refers too was purchased in March of 2015 by PhishMe Inc. Included is a screenshot of it's about pane, including the model number (Mid 2014) and the Serial Number.



Plaintiff's conduct and disregard for protection orders and respect for judicial process is why my wife and I refused to name any additional parties for Plaintiff to harass and intimidate. For the Plaintiff to CROP GUESTS out of a photo, and submit it as evidence claiming it shows "No guests" reflects upon the initial cause for concern.

A 5 - Defendant swore he has no "all in one" computer - I don't it's a USB monitor.

A 6 - Plaintiffs ability to identify items in pictures is severely lacking. The device pictured is this http://www.amazon.com/AOC-E1649FWU-USB-Powered-Portable-Monitor/dp/B005SEZR0G

Serial number: CZSB9HA000205

Defendant still possesses this device and would be happy to furnish it if necessary.

A - 7 Defendant swore he did not have additional cloud storage devices - Clicking links to OTHER PEOPLE'S shared files creates a history such as that described. It does not require the conditions the Plaintiff asserts must exist to happen.

A 8 - The folder title "PSF" is created by Parallels virtualization software, to share files between the "Host" and the "Virtualized Machine". As outlined here: http://download.parallels.com/desktop/v5/docs/en/Parallels_Desktop_Users_Guide/30589.htm

This "share" existed wholly within the Macbook #1, and did not represent a physical LAN or share. The VM was provided with original discovery request.

3

A & B - Defendants recollection was not perjurious merely incomplete. the existence of Metadata along with some random files and folders does not prove that those file originated from Bittorrent, furthermore none of the files listed in this request for sanctions were among the list of allegedly infringed files in the plaintiffs original claim. Neither the Plaintiff's own works, nor any of the alleged third party works are among those listed in this motion.

C - The Western Digital MyBook drive was produced during initial discovery, sent to Sterling Heights Michigan, where Plaintiffs experts took NO ACTION on it. Furthermore, the Plaintiff's claim that this drive was in use from October 2011 is also incorrect. The manufacture date of the drive itself is 2 May, 2012 as demonstrated in the attached picture.



Regarding backups being erased, that's simply incorrect. Attached is a screenshot from the provided drive showing files dating back to 2010.

4

| Name | Date Modified | Size | Kind |
|---|---|---|---|
| ▼ 📁 2013-12-18-170019 | Dec 18, 2013, 5:00 PM | -- | folder |
| ▼ 📁 Macintosh HD | Dec 18, 2013, 5:00 PM | -- | folder |
| ▶ 📁 Applications | Dec 16, 2013, 10:54 PM | -- | folder |
| ▼ 📁 com.google.picasa | Jul 20, 2010, 3:59 PM | -- | folder |
| ▼ 📁 Picasa filecheck | Jul 20, 2010, 3:59 PM | -- | folder |
| 📄 CoreSyncInstall.log | Jun 18, 2013, 9:38 AM | 132 bytes | Log File |
| ▶ 📁 Developer | Nov 10, 2013, 9:33 AM | -- | folder |
| 📄 git | Dec 1, 2013, 9:55 PM | 38 bytes | Alias |
| ▶ 📁 hudson | Jul 14, 2011, 1:03 AM | -- | folder |
| ▶ 📁 Incompatible Software | Jul 25, 2012, 1:00 PM | -- | folder |
| ▶ 📁 Library | Dec 15, 2013, 10:59 AM | -- | folder |
| 📄 nohup.out | Sep 4, 2013, 12:54 AM | 271 bytes | Document |
| ▶ 📁 Previous System | Oct 23, 2013, 12:06 AM | -- | folder |
| ▶ 📁 sw | Jul 28, 2010, 10:31 PM | -- | folder |
| ▶ 📁 System | Oct 22, 2013, 11:41 PM | -- | folder |
| 📄 User Guides And Information | Jul 20, 2010, 12:47 PM | 60 bytes | Alias |
| 📄 User Information | Jun 22, 2012, 1:05 PM | 49 bytes | Alias |
| ▼ 📁 Users | Oct 22, 2013, 11:47 PM | -- | folder |
| ▼ 📁 jr | Dec 18, 2013, 3:56 PM | -- | folder |
| 📄 2dudesmediamockup | Mar 19, 2011, 10:21 PM | 1.6 MB | PixelM...cument |
| ▶ 📁 100SANYO | Feb 7, 2011, 6:54 PM | -- | folder |
| ▶ 📁 adt-bundle-mac | Dec 18, 2012, 9:30 PM | -- | folder |
| ▶ 📁 android-ndk-r8c | Oct 22, 2012, 2:03 AM | -- | folder |
| ▶ 📁 Applications | Dec 1, 2013, 6:52 PM | -- | folder |
| ▶ 📁 Applications (Parallels) | May 1, 2013, 11:15 AM | -- | folder |
| 📄 atplay.sql | Mar 27, 2012, 12:12 AM | 8.3 MB | SQL |
| 📄 atplay.sublime-project | Jun 11, 2012, 8:26 PM | 56 bytes | JSON |
| 📄 atplay.sub...workspace | Jul 1, 2012, 3:04 PM | 6 KB | Document |
| 📄 atplayios.tmproj | Apr 16, 2012, 9:54 AM | 2 KB | Document |
| 📄 atplaywebsite.tmproj | Jun 3, 2012, 11:19 AM | 6 KB | Document |
| 📄 AVCHD | Mar 11, 2011, 4:48 PM | 953.3 MB | AVCH...llection |
| 📄 bankrate...press.tmproj | Aug 31, 2010, 8:00 AM | 1 KB | Document |
| 📄 bankrate.tmproj | Sep 23, 2010, 10:48 AM | 3 KB | Document |
| 📄 bash_snippets.txt | Dec 14, 2012, 3:48 PM | 1 KB | Plain Text |
| ▶ 📁 bin | Dec 18, 2013, 3:56 PM | -- | folder |

D - Defendant did not intentionally fail to disclose anything. Defendant simply did not infringe on plaintiffs IP and therefore cannot provide what Defendant never possessed. Furthermore, the Plaintiff's "Expert" has demonstrated lack of competence in basic technology understanding.

D -1 "Correlations" - Plaintiff's attempt to tie random data points from a large list of irrelevant material fails on the fact that NONE of the allegedly infringed files were found on my devices, despite there being some bittorrent use.

D - 2 - Interest in games : So 2 fully purchased copies of a game ($120 total cost), are evidence that I'd pirate a version of the game for a system I don't have when I already have 2 copies?

D - 3 : Linux MInt - I don't use linux mint, and to my recollection never have. At what point does Lack of Evidence become Evidence of Lack?

Correlation does not equal causation.

**Jesse Raleigh**
j@jraleigh.com
w: www.jraleigh.com
m: 231.881.0326

On Dec 1, 2015, at 10:23, Derek S. Wilczynski <dsw@blancopc.com> wrote:

Jesse: