**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT MICHIGAN**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Case No. 1:13-CV-360-RJJ |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE RALEIGH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING PLAINTIFF TO SERVE A THIRD PARTY SUBPOENA ON CHARTER COMMUNICATIONS [CM/ECF 95]**

Plaintiff, Malibu Media, LLC ("Plaintiff"), hereby moves for reconsideration of Plaintiff's Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena on Charter Communications [CM/ECF 95] and states:

1.     On May 29, 2015, Plaintiff filed a Motion to Compel and Incorporated Memorandum of Law [CM/ECF 88] ("Motion to Compel").  This Court subsequently set the Motion to Compel for hearing on July 6, 2014.

2.     On June 25, 2015, Plaintiff filed a Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena on Charter Communications [CM/ECF 95] ("Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena") wherein Plaintiff sought a court order requiring Defendant's ISP, Charter Communications ("Charter"), to comply with a subpoena seeking: (a) Any copyright infringement notices Charter sent to Defendant; (b) The subscriber notification letter Charter sent to Defendant regarding the release of Defendant's identifying information in the instant lawsuit; (c) Charter's lease of any electronic devices to Defendant, including rental of a modem and router; (d) Charter's policy and procedures

1

regarding password installation for a Subscriber's modem and router; (e) information necessary for Plaintiff to lay the foundation for the introduction of the correlation of IP address to subscriber for purposes of use at trial (i.e., laying the foundation that the correlating documents produced by the Charter are business records and computer records); and (g) information regarding the reliability of Charter's correlating process.

3.      Since Charter is a cable operator within the meaning of the Cable Act, 47 U.S.C. § 551(a)(2)(C), a court order authorizing Charter to disclose the foregoing information about Defendant, its subscriber, is necessary.[1]

4.      On July 6, 2015, the Parties informed the Court that the contested discovery matters had been resolved.  The Court subsequently entered an order dismissing as moot Plaintiff's Motion to Compel and Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena, and further instructed the parties to file a stipulation embodying the agreed resolution.  Plaintiff erroneously believed that this Order only pertained to Plaintiff's Motion to Compel.  Indeed, the parties' stipulation only addressed the issues raised in Plaintiff's Motion to Compel.  Further, the issues set forth in Plaintiff's Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena were not ever resolved.

5.      On December 8, 2015, this Court held a hearing and informed Plaintiff of the Court's Order and Plaintiff's oversight.  Plaintiff advised the Court that it was under the mistaken belief that its Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena was still pending before the Court.  Plaintiff assures this Court that this was a clerical error and was not done to cause any delay in the instant case.

---

[1] Under 47 U.S.C. § 551 (c), Charter may only disclose a subscriber's account information pursuant to a Court order or the subscriber's written consent.  Prior to filing its Charter Motion, Plaintiff conferred with Defense counsel who stated that while he would not oppose Plaintiff's motion, Defendant would not consent to the relief requested therein.  Accordingly, a Court order is necessary.

6.      Plaintiff sincerely apologizes to this Court for the oversight and any inconvenience it may have caused.

7.      Plaintiff respectfully requests that this Court reconsider Plaintiff's Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena.

8.      On December 8, 2015, Plaintiff advised Defendant and the Court that it would file the instant motion immediately so that discovery on Charter could proceed.  Defendant advised that he would not oppose the instant motion.

WHEREFORE, Plaintiff respectfully requests the Court reconsider Plaintiff's Motion for Entry of an Order Authorizing Plaintiff to Serve a Third Party Subpoena on Charter Communications.  Plaintiff's previously filed motion is attached hereto as Exhibit "A."


Dated: December 9, 2015

Respectfully submitted,

LIPSCOMB, EISENBERG & BAKER, PL

By:      /s/ *Jessica Fernandez*
        Jessica Fernandez, Esq.
        Lipscomb, Eisenberg & Baker, PL
        2 South Biscayne Blvd, Suite 3800
        Miami, Florida 33131
        Phone No. (786) 431-2228
        Fax No. (786) 431-2228
        Email Address: Jfernandez@lebfirm.com
        *Attorneys for Plaintiff*

3

## GOOD FAITH CERTIFICATION

Plaintiff, by and through undersigned counsel, hereby certifies that on December 8, 2015, undersigned conferred with Defense counsel via telephone.   Defense counsel stated that he would not oppose the relief requested in this Motion.

Dated: December 9, 2015

Respectfully submitted,

LIPSCOMB, EISENBERG & BAKER, PL

By:    /s/ *Jessica Fernandez*
Jessica Fernandez, Esq.
Lipscomb, Eisenberg & Baker, PL
2 South Biscayne Blvd, Suite 3800
Miami, Florida 33131
Phone No. (786) 431-2228
Fax No. (786) 431-2228
Email Address: Jfernandez@lebfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:    /s/ *Jessica Fernandez*