# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No. 1:13-CV-360-RJJ |
| v. | ) |
| JESSE RALEIGH, | ) |
| Defendant. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING PLAINTIFF TO SERVE A THIRD PARTY SUBPOENA ON CHARTER COMMUNICATIONS

**UPON CONSIDERATION** of the Motion dated June 25, 2015, filed by Malibu Media, LLC ("Plaintiff") seeking entry of an order authorizing Plaintiff to serve a third party subpoena *duces tecum* for deposition *de bene esse* (the "Subpoena") on Charter Communications ("Charter" or "ISP").  Specifically, Plaintiff seeks documents and information which contain or disclose Personally Identifiable Information ("PII") concerning Defendant Jesse Raleigh, ("Defendant" or "Subscriber") who, on certain dates, used IP Addresses 24.247.226.165, that were registered to non-party Charter Communications, Inc. ("Charter"), and the entire record in this proceeding, it is this _____ day of _____, 2015, hereby

**ORDERED**, that counsel for Plaintiff shall provide Charter with a copy of this Order and agree to pay reasonable copying and search costs for producing responsive records and/or information; and it is further

**ORDERED**, that production of documents and the disclosure of information as outlined below, is relevant to this proceeding;

1

**ORDERED**, that Plaintiff may serve a third party subpoena on Charter Communications for production of the following documents:

a. Any and all document(s) that refers, relates to or comprises a record that the Defendant received a DMCA notice, pursuant to 17 U.S.C. 512(c)(1)(C), including but not limited to the DMCA record;

b. Any and all document(s) that refers, relates to or comprises a record that the Defendant received a copyright infringement notice forwarded by Charter, pursuant to any copyright infringement alert system or any other internal procedure which Charter follows;

c. Any and all document(s) that refers, relates to or comprises a record that Charter Communications notified Defendant of the instant lawsuit;

d. Any and all document(s) that refers, relates to or comprises a record of Charter Communications' lease or rental of any electronic devices to Defendant. This includes any documentation which state the make, model number, and serial numbers of any and all modems and routers which Charter leased to Defendant;

e. Any and all document(s) that refers, relates to or comprises a record of Charter Communications' policy and procedure regarding the installation of passwords on a subscriber's modem or router;

f. Any and all document(s) that refers, relates to or comprises a record that the Defendant was the internet subscriber assigned IP address 24.247.226.165 on February 17, 2013 at 21:39:33 UTC.

**ORDERED**, that Plaintiff may serve a third party subpoena on Charter

Communications for a deposition *de bene esse* regarding the following topics:

    a. Discussion of any and all document(s) Charter produced in response to Schedule A of the Subpoena, including all information necessary to lay the foundation for each document to be introduced into evidence;

    b. Discussion of any DMCA notice Charter forwarded to Defendant;

    c. Discussion of any notice of copyright infringement Charter forwarded to Defendant;

    d. Discussion of any communications between Charter Communications and Defendant regarding the instant lawsuit;

    e. Discussion of any devices Charter leased to Defendant, including but not limited to the modem and router;

    f. Discussion of Charter Communications' policy and procedure regarding the installation of passwords on a subscriber's modem or router;

    g. Discussion of the records proving that the Defendant was the internet subscriber assigned IP address 24.247.226.165 on February 17, 2013 at 21:39:33 UTC; and

    h. Explanation of the process Charter used to correlate the IP address, 24.247.226.165, with the subscriber in the instant matter.

**ORDERED**, that Charter May comply with that subpoena.

**ORDERED**, that consistent with 47 U.S.C. § 551(c)(2)(B), Charter shall give notice to any Subscriber who was associated with the IP address 24.247.226.165 on February 17, 2013, 21:39:33 UTC, advising any such subscriber that Charter has been ordered to disclose the above information and such disclosure will be required by this

3

Court's Order unless such Subscriber responds or objects no later than fourteen (14) days from the date that notice is provided; and it is further

**ORDERED**, that Charter advise the Plaintiff of the date the Subscriber was notified and further whether the Subscriber has responded or indicated an intention to oppose disclosure within the fourteen (14) days provided for a response; and it is further

**ORDERED**, that if no response or intention to oppose is filed or served, Charter shall produce and disclose the documents and information outlined above within five (5) days thereafter, however provided that if the Subscriber files a responsive pleading, opposition, intention to oppose or otherwise challenges disclosure of his PII within the allotted time period, Charter will not be required to disclose the requested information unless and until this Court considers and disposes of any such challenge.

Dated this 10th day of December, 2015.        /s/ Robert J. Jonker

                                              Hon. Robert J. Jonker
                                              Chief United States District Judge