UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JESSE RALEIGH, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action Case No. 1:13-CV-360-RJJ |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS**

Plaintiff, Malibu Media, LLC ("Plaintiff"), hereby moves for entry of an order granting Plaintiff leave to file a Reply in Further Support of its Motion for Sanctions [CM/ECF 115], and files this memorandum in support.

1. On November 25, 2015, Plaintiff filed its Motion for Sanctions Against Defendant ("Plaintiff's Motion"). *See* CM/ECF 108.

2. On December 9, 2015, Defendant filed his Response to Plaintiff's Motion for Sanctions ("Defendant's Response"). *See* CM/ECF 115.

3. Defendant's Response asserts new facts which attempt to rebut Plaintiff's expert report. First, Defendant argues that he could not have possibly deleted any files from his Western Digital Hard Drive because the drive contains files from 2010. Defendant also argues that he does not own a server and in support thereof, Defendant references the metadata of a photograph and the log files located on his MacBook. *See* CM/ECF 115-2, p. 1. Defendant further claims that since "clicking links to … shared files creates the history described in Malibu Media's expert witness' report[,]" Plaintiff cannot establish the existence of additional cloud storage devices. *See* CM/ECF 115, p. 7.

1

4. None of the foregoing purported explanations were previously known to Plaintiff and Plaintiff's expert has not yet been able to investigate Defendant's proffered justifications. Accordingly, Plaintiff's expert requires additional time to review the referenced data, metadata and log files in order to rebut these arguments.[1]

5. In light of the upcoming holiday, Plaintiff's expert, Mr. Paige, will be out of the country between December 26, 2015 and January 2, 2016. Accordingly, Plaintiff requires additional time to review Defendant's claims regarding Plaintiff's Expert Report, and respond to these new facts.

6. Defendant also made numerous misrepresentations which warrant clarification.

7. First, Defendant claims that he does not own a server and that Plaintiff never inquired about servers in Defendant's possession. This is untrue. Plaintiff intends on submitting Defendant's transcript and Responses to Plaintiff's Second Set of Requests for Production which demonstrate Plaintiff's repeated attempts to discover this information.

8. Defendant also argues that he does not own a third MacBook and that the device pictured in Plaintiff's Motion belongs to his "friend". However, despite requests to identify his "friend," Defendant refused to do so.

9. Defendant claims that he does not own an All-in-One Computer and the device pictured in Plaintiff's Motion is a monitor. However, the picture appears to show a running Android operating system.

10. Defendant claims that files containing BitTorrent metadata on Defendant's MacBook were given to him by a "friend" via a thumb drive. However, Defendant has not identified this "friend," or submitted an affidavit from this "friend." And, to date, Mr. Paige has

---

[1] Significantly, Defendant's Motion relies upon an e-mail from Defendant to his counsel purporting to explain the various discovery discrepancies. Despite asserting that an affidavit from Defendant would be forthcoming, no sworn statement has yet been produced or filed.

2

been unable to locate evidence that another thumb drive was used in connection with the devices produced.

11. Defendant's Response argues that the content from his Western Digital hard drive was automatically deleted 'because it was full'—an assertion that is expressly refuted by computer evidence which demonstrates that the FileVault2 encrypted volume on the drive was created on December 17, 2013.

12. Defendant also claims that Plaintiff purposefully violated discovery rules and a protective order in this case.  However, he fails to identify a single violation.  The truth is that Plaintiff has requested documentation proving that Defendant did not infringe its works.  Indeed, Plaintiff sought any travel documentation, lease agreements, or any other documents which demonstrate that Defendant was not at his residence during the period of recorded infringement. Although Defendant claims that he was living hours away in Grand Rapids, Michigan due to a change in employment, Defendant failed to produce any receipts proving travel, an employment offer letter, banking statements demonstrating purchases made in Grand Rapids, lease agreements or any other documents showing the termination of a lease agreement in light of his move from Petoskey to Grand Rapids.

13. Plaintiff should be given the opportunity to address these new facts and misrepresentations, and respectfully requests entry of an order permitting Plaintiff to file a Reply in Further Support of Plaintiff's Motion for Sanctions, and that such a Reply be filed on or before January 8, 2016.

14. Good cause exists to grant the subject Motion in light of the new factual assertions made by Defendant which Plaintiff has not yet been able to test.  Neither party nor the

Court will be prejudiced in granting the instant Motion and no other case management deadlines will be affected.

WHEREFORE, Plaintiff respectfully requests entry of an order granting Plaintiff until January 8, 2016 to file a reply in further support of its Motion for Sanctions. A proposed order is attached for the Court's convenience.

Dated: December 23, 2015

>	Respectfully submitted,
>
>	LIPSCOMB, EISENBERG & BAKER, PL

By:	/s/ *Jessica Fernandez*
>	Jessica Fernandez, Esq.
>	Lipscomb, Eisenberg & Baker, PL
>	2 South Biscayne Blvd, Suite 3800
>	Miami, Florida 33131
>	Phone No. (786) 431-2228
>	Fax No. (786) 431-2228
>	Email Address: Jfernandez@lebfirm.com
>	*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:	/s/ *Jessica Fernandez*